NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____

JESSE KENLEY,

      Plaintiff.

v.

WARDEN MEREDINO, et al.,

      Defendants.
_____

Civ. No. 22-5425 (RMB-AMD)

**OPINION**

RENÉE MARIE BUMB, United States District Judge

    Plaintiff Jesse Kenley, a prisoner confined in the Federal Correctional Institution in Fairton, New Jersey ("FCI Fairton") brings this suit for injunctive relief, alleging that hazardous conditions of confinement in FCI Fairton pose a risk to his health. (Compl., Docket No. 1.) When the complaint was initially filed, Plaintiff failed to pay the filing fee or submit an application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), and this Court administratively terminated the case. (Order, Docket No. 2.) Plaintiff has now submitted an IFP application (IFP App., Docket No. 3) that establishes his financial eligibility to proceed without prepayment of the filing fee, and it will be granted. For the reasons discussed below, the Court will dismiss the complaint without prejudice for failure to state a claim.

**I.**    *SUA SPONTE* **DISMISSAL**

    When a prisoner files a complaint and is granted IFP status, 28 U.S.C. §

1

1915(e)(2)(B) requires courts to review the complaint and *sua sponte* dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. Courts, however, must liberally construe pleadings that are filed pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See, Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.)

## II. THE COMPLAINT

Plaintiff, as a federal prisoner seeking solely injunctive relief, asserts jurisdiction under 28 U.S.C. § 1331. The defendants to the complaint are Warden Merendino and Jeff Unger. Plaintiff alleges FCI Fairton is not in compliance with BOP Program Statement 1060.11(7)(c)(2)(a),[1] which provides that cells measuring 70 to 120 square

---

[1] Plaintiff's handwritten citation to the subdivision of the relevant program statement is difficult to read. This Court, therefore, has cited to the subdivision matching the description of the cell rating capacity alleged in the complaint, which applies to medium security prisons, rooms, cells and cubicles. BOP Program Statements are available at https://www.bop.gov/PublicInfo/execute/policysearch?todo=query#.
FCI Fairton is a medium security BOP facility with an adjacent minimum security satellite

2

feet are to be 50% single occupancy and 50% double occupancy.[2] Plaintiff alleges that all general population cells at FCI Fairton are between 70 and 120 square feet. For several months leading up to Plaintiff's filing of the complaint, Warden Merendino was forcing double occupancy of single cells, despite COVID-19 restrictions for social distancing. Plaintiff further alleges that overcrowding on his cell block has caused sanitation and health concerns, including broken washing machines, dryers, telephones, computers, ice machines, tables, chairs, and potential exposure to COVID-19 and monkeypox.

Plaintiff also alleges he is trained and certified in identifying and removing hazardous materials, and he recognized black mold throughout the vents of the cell blocks. Several staff and trained vocational instructors confirmed Plaintiff's assessment of black mold infestation, but the prison's safety manager, Jeff Unger, refused to remove the mold, claiming it was dust build up. For injunctive relief, Plaintiff seeks compliance with BOP Program Statement 1060.11(7)(b)(1)(c) regarding cell occupancy, removal of all black mold, and cleaning the cell ventilation ducts throughout the facility.

### III.   DISCUSSION

#### A.   Legal Standard

Plaintiff has not identified the specific Constitutional provision upon which he

---

camp. (Available at https://www.bop.gov/locations/institutions/fai/)

[2] This Court notes that the purpose of this policy is "[t]o establish procedures for determining and reporting each institution's rated capacity and its total capacity[,]" to determine available housing for inmates throughout the BOP. BOP Program Statement 1060.11 (purpose and scope).

relies for jurisdiction and injunctive relief under 28 U.S.C. § 1331.³ The Court liberally construes the complaint to allege violation of the Eighth Amendment right of prisoners to be free of cruel and unusual punishments. To state an Eighth Amendment conditions of confinement claim, a plaintiff must "allege facts showing (1) the deprivation he endured was "sufficiently serious," and (2) the prison officials had "a sufficiently culpable state of mind." *Clark v. Coupe*, 55 F.4th 167, 179 (3d Cir. 2022) (quoting *Thomas [v. Tice]*, 948 F.3d [133,] 138 [2020] (quoting *Farmer [v. Brennan*, 511 U.S. [825,] 834 [1994])." A deprivation is sufficiently serious where the prisoner alleges he was "'incarcerated under conditions posing a substantial risk of serious harm.'" *Id.* at 179 (quoting *id.*) The state of mind element "is subjective and requires an inmate to sufficiently plead prison officials acted with deliberate indifference." *Id.* (citing *id.* (additional citations omitted)). Deliberate indifference may be shown where "officials knew of, but disregarded, that the prison conditions posed 'an excessive risk to inmate health and safety.'" *Id.* (quoting *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001)).

    B.    Analysis

        1.    **Double Celling**

Conditions of confinement, "alone or in combination, may deprive inmates of the minimal civilized measure of life's necessities" in violation of the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 347, (1981). In *Rhodes*, the Supreme Court held that double celling inmates in single capacity cells did not violate the Eighth Amendment

---

³ 28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

because the overcrowding "did not lead to deprivations of essential food, medical care, or sanitation. Nor did it increase violence among inmates or create other conditions intolerable for prison confinement." *Id.* at 348 (citation omitted). The BOP's alleged failure to maintain 50% single occupancy of cells between 70 and 120 square feet at FCI Fairton does not alone pose a substantial risk of serious harm to an inmate. Plaintiff has alleged that he was double-celled despite COVID-19 restrictions requiring social distancing and an outbreak of monkeypox in society, but he has not alleged that he was exposed to anyone in FCI Fairton who was positive for COVID-19 or monkeypox, or that COVID-19 posed a serious risk to his health. Plaintiff alleges the overcrowding resulted in broken washing machines, dryers and other items, but he has not alleged how this caused a substantial risk of serious harm to his health or safety. For these reasons, the Court will dismiss without prejudice Plaintiff's double-celling claims for failure to state a claim.

### 2. Black Mold

"[T]he presence of mold can raise a cognizable [Eighth Amendment] claim if it poses a substantial risk of serious harm." *Helling v. McKinney*, 509 U.S. 25, 35 (1993) (holding that inmates should not be "expose[d] to [contaminants] that pose an unreasonable risk of damage to future health. A plaintiff must allege sufficient facts that demonstrate mold presents an unreasonable risk of harm. *Stokelin v. A.C.J.F. Warden*, No. CV 17-3484 (RBK), 2018 WL 4357482, at *2–3 (D.N.J. Sept. 13, 2018) (citing *Forde v. Fischer*, No. 08-5026, 2009 WL 5174650, at *4 (D.N.J. Dec. 16, 2009) (finding plaintiff's allegation of mold failed to demonstrate an Eighth Amendment violation

where plaintiff provided "no facts alleging risk, let alone substantial risk, and no facts regarding harm, let alone serious harm.") The fact that Plaintiff disagrees with the prison's safety manager about the presence of mold in the ducts, and Plaintiff's belief the mold could be toxic are insufficient to state an Eighth Amendment claim. Plaintiff must allege facts that would permit a reasonable inference that the defendants are deliberately indifferent to unreasonable risk of harm posed to him by the presence of mold. *See*, *Treakle v. Warden, Atl. Cnty. Just. Facility*, No. CV173812RBKAMD, 2018 WL 276894, at *3 (D.N.J. Jan. 3, 2018) (general allegation of black mold does not state an Eighth Amendment claim). Therefore, the Court will dismiss without prejudice this Eighth Amendment claim.

An appropriate Order follows.

**DATE: June 1, 2023**

s/Renée Marie Bumb
RENÉE MARIE BUMB
Chief United States District Judge
